# United States Court of Appeals for the Fifth Circuit

———————

No. 25-40455
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2026

Lyle W. Cayce
Clerk

Gabriel Alvarado,

*Plaintiff—Appellant*,

*versus*

CITGO Petroleum Corporation, *also known as* CITGO Refining and Chemical Company, L.P., *also known as* CITGO Refinery, *also known as* CITGO,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:25-CV-29

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Gabriel Alvarado appeals the district court's dismissal of his disability discrimination and retaliation claims against CITGO, his former employer, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Finding no error, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40455

## I.    Background

Alvarado brought claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Texas Labor Code; for retaliation under the Texas Workers' Compensation Act; and for failure to accommodate under the Rehabilitation Act. He noted in his complaint that he had previously brought suit against CITGO asserting claims under these same statutes and that the parties signed a settlement agreement on October 8, 2021. The settlement agreement stated that Alvarado would resign as an employee, would not seek further employment by CITGO, would dismiss his then-existing claims with prejudice, and would "release and forever discharge the Company . . . of and from any and all claims . . . through the date on which Employee executes th[e] Settlement Agreement." The parties also entered into a consulting agreement, under which Alvarado would provide consulting services "solely as an independent contractor" for an initial term of three years that, at the end of the term, would renew automatically for subsequent one-year terms unless either party informed the other in writing that the agreement would not be extended.

CITGO moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion to dismiss and entered final judgment dismissing Alvarado's claims without prejudice. Alvarado timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because the case involves federal claims and state law claims arising from the same case or controversy. We have appellate jurisdiction under 28 U.S.C. § 1291 because the district court entered a final judgment.

We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss. *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). We accept

"all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). We do not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

## III.　Discussion

Upon de novo review, Alvarado did not adequately plead any of his claims and the district court therefore did not err in dismissing them.

First, Alvarado failed to state a plausible claim for relief under the ADA, Texas Labor Code, or Texas Workers' Compensation Act. This is because Alvarado was not an employee during the relevant period of time, which was after the settlement agreement was executed, and the aforementioned statutes do not apply to independent contractors such as Alvarado. *See Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 331 (5th Cir. 2018) ("Title I [of the ADA] protects only 'employees' . . . courts have often determined that . . . independent contractors are not protected by Title I of the ADA." (citations omitted)); *Dall. Cnty. Hosp. Sys. v. Kowalski*, 704 S.W.3d 550, 552 (Tex. 2024) ("Chapter 21 of the [Texas] Labor Code makes it unlawful for employers to discharge employees because of disability." (citation modified)); Tex. Labor Code Ann. § 451.001 (prohibiting retaliatory discharge or discrimination "against an employee" for filing "a workers' compensation claim in good faith" under the Texas Workers' Compensation Act).

Second, as for the Rehabilitation Act claim, Alvarado did not plausibly allege a claim for failure to accommodate his disability. As the district court noted, "Plaintiff has alleged no facts during the times relevant to this lawsuit that demonstrate a request, a need, or a failure to accommodate," and

No. 25-40455

Alvarado does not identify any such facts in his briefing on appeal. Instead, his complaint makes only the conclusory assertion that CITGO "failed to accommodate the disabilities of Plaintiff and the conduct was solely on the basis of disability" and that "Defendants' actions were done 'intentionally.'" Additionally, if he did include an independent claim under the Rehabilitation Act for discrimination on the basis of disability, which it does not appear that he does, he alleges no facts that, if taken as true, would support the conclusory allegation that he was discriminated against on the basis of his disability during the relevant post-settlement time period.

Moreover, the district court correctly observed, and Alvarado does not dispute on appeal, that he abandoned all of his claims by failing to defend them in response to CITGO's motion to dismiss. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) (noting that "a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings"). In response to CITGO's motion, Alvarado conceded that he was not an employee during the relevant period, and thus these statutes do not apply to him, and that he was not proceeding with his failure-to-accommodate claim under the Rehabilitation Act. As such, Alvarado abandoned all his claims, and the district court therefore did not err in dismissing them.[1]

---

[1] Alvarado argues for the first time in his reply brief that the district court erred by dismissing his state law claims because it dismissed his federal claims and thus should have declined to exercise supplemental jurisdiction over the pendent state law claims. We need not address this argument. *See Keiland Constr., L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 420 n.7 (5th Cir. 2024) ("[I]ssues raised for the first time in a reply brief are forfeited."). Nevertheless, this argument still fails. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). Moreover, insofar as Alvarado argues that, "[t]o the extent the District Court dismissed any state law based claims, they should have been dismissed without prejudice," we note that all of Alvarado's claims were dismissed without

No. 25-40455

## IV.    Conclusion

For the reasons stated above, we AFFIRM the district court's dismissal of Alvarado's claims.

---

prejudice. Further, insofar as he argues that the state law claims should have been remanded to state court, we note that Alvarado originally filed the case in federal court.